IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES L. BURTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cv-242-ECM |
| | ) | (WO) |
| JEFFERSON DUNN, Commissioner, | ) | |
| Alabama Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

On April 4, 2019, Charles L. Burton, Jr. ("Burton"), a death row inmate, filed a complaint challenging the Alabama Department of Corrections' policy of prohibiting the presence of his religious advisor during his anticipated execution. Specifically, he asserts that the disallowance of an imam in the execution chamber is violative of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*; the Alabama Religious Freedom Amendment ("ARFA"), Ala. Const. Art I, § 3.01; and the First Amendment to the United States Constitution.[1] Burton names Jefferson Dunn, the Commissioner of the Alabama Department of Corrections, as a defendant.

On April 26, 2019, the Defendant filed a document styled as "Defendant's Answer and Motion to Dismiss." (Doc. 22). The Defendant, however, did not specify the Federal

---

[1] Burton states that he converted to Islam forty-seven years ago and is a devout Muslim. (Doc. 1 at 1.) In addition to objecting to the Alabama Department of Corrections' policy of placing a Christian chaplain in the execution chamber, he seeks to avoid "being denied the right to spiritual guidance and comfort at the time of his execution through the presence of a religious advisor of his faith in the execution chamber." (Doc. 1 at 6.)

Rule of Civil Procedure under which he moved to dismiss. In the document, the Defendant merely asserts in the "Response to the Prayer for Relief" that "Burton's rights under RLUIPA, ARFA, and the First Amendment will not be violated during his execution" and "asks that this matter be dismissed." (Doc. 22 at 18). There are scant references to non-controlling cases within the document. For example, in a footnote, the Defendant cites two cases from another circuit court, *Jackson v. Danberg*, 594 F.3d 210, 230 (3d Cir. 2010), and state court, *Thompson v. Dep't of Corrs.*, 18 P.3d 1198, 1208 (Cal. App. 2001). (Doc. 22 at 10 n.8). Under the "Response for Prayer for Relief," the Defendant refers to Justice Kavanaugh's concurrence in *Murphy v. Collier*, __ U.S. __, __, 139 S.Ct. 1475, 1475-76 (2019). (Doc. 22 at 18). The document itself, however, contains no briefing in support of dismissal. Additionally, under the heading "Defenses," the Defendant states that "[t]his action fails to state a claim for relief as a matter of law." (Doc. 22 at 19).

Federal Rule of Civil Procedure 7(b)(1)(B) requires that "a request for a court order must be made by motion. The motion must … state with particularity the grounds for seeking the order." The Defendant's general request to dismiss, embedded within the Answer, does not comply with FED.R.CIV.P. 7(b)(1)(B).

In addition to lacking particularity, the motion to dismiss is not timely. The "failure to state a claim upon which relief can be granted" is both a basis for a motion and a defense that must be asserted in a responsive pleading. *See* FED.R.CIV.P. 12(b)(6). Clearly, "[o]ne does not sacrifice the defense available under Rule 12(b)(6) by failing to raise it in a motion and, instead, asserting it in an answer." *Canal Ins. Co. v. INA Trucking, LLC*, 2017 WL 1146984, at *8 (M.D. Ala. 2017) (referencing FED.R.CIV.P. 12(b)). However, "a motion"

asserting the defense of "failure to state a claim upon which relief can be granted" "must be made before pleading if a responsive pleading is allowed." *Id.* (citing FED.R.CIV.P. 12(b) and *United States v. Alabama Dep't Mental Health, Mental Retardation*, 2010 WL 447399, at *4 (M.D. Ala. 2010), *aff'd sub nom. United States v. Alabama Dep't of Mental Health & Mental Retardation*, 673 F.3d 1320 (11th Cir. 2012) ("Rule 12(b) requires a defendant to make a motion pursuant to 12(b)(1) or 12(b)(6) prior to filing a responsive pleading.")). An answer is a responsive pleading, and the Defendant filed one. *See* FED.R.CIV.P. 7(a)(2). When the Defendant filed an answer and requested dismissal in the same document, he necessarily failed to raise a Rule 12(b)(6) motion to dismiss "before pleading." Consequently, the motion to dismiss is untimely. *See*, *e.g.*, *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief.").

In his reply, the Defendant acknowledges his error in filing a simultaneous answer and motion to dismiss, but he requests that this Court convert the motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) into a motion for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c). The Court recognizes that there are circumstances in which a Rule 12(b)(6) motion may be construed as a Rule 12(c) motion. *See*, *e.g.*, *Skrtich v. Thornton*, 280 F.3d 1295, 1307 n.13 (11th Cir. 2002) (where the motion to dismiss was filed three months after the answer, the Court noted that a Rule 12(b)(6) motion *may* be construed as 12(c) motion for judgment on the pleadings); *Whitehurst v. Wal-Mart Stores East, L.P.*,

3

329 F. App'x 206 (11th Cir. 2008) (per curiam) (rejecting plaintiff's argument that Rule 12(b)(6) motion was untimely because court could construe the motion to dismiss as a Rule 12(c) motion).[2]

Given that the Defendant's motion to dismiss is not a separate, fully briefed motion but was simply a request embedded within the Answer, the Court is not inclined to construe the motion to dismiss as a motion for a judgment on the pleadings. *See In re Hornsby*, 2016 WL 5107057, at *1 n.2 (S.D. Ga. Sept. 19, 2016) (determining a "hybrid pleading-motion was procedurally improper" and declining to construe the Rule 12(b)(6) motion to dismiss which was "in effect a nullity" as a Rule 12(c) motion for judgment on the pleadings under the circumstances (citations omitted)).

Moreover, even if the Court were to convert the motion to dismiss for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6) to a motion for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c), the Defendant has failed to support the motion with sufficient legal analysis. The Defendant fully briefed the issues for the first time in his reply brief.

> "Arguments raised for the first time in a reply brief are not properly before a reviewing court." *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994)

---

[2] *See also Bryant Progressive Mountain Ins. Co*., 243 F.Supp.3d 1333 (M.D. Ga. 2017) (construing motion to dismiss filed three weeks after the answer as a motion for judgment on the pleadings); *Ruiz v. Experian Information Solutions, Inc*., 2017 WL 1378242 (S.D. Fla. 2017) (motion to dismiss filed separately from the answer); *Tolar v. Bradley Arant Boult Cummings LLP*, 2016 WL 611921 (N.D. Ala. 2016) (separate motion to dismiss filed one day after the answer); *Dorsey v. Georgia Dep't of State Road and Tollway Auth. SRTA*, 2009 WL 2477565 (N.D. Ga. 2009) (defendant filed answer prior to filing a briefed motion to dismiss); *Lloyd v. Baker*, 2015 WL 5474482 (M.D. Fla. 2015) (motion to dismiss filed separate from answer construed as motion for judgment on the pleadings); *Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, No. 2012 WL 887589 (N.D. Ga. 2012) (determining motion to dismiss filed after answer could be construed as a motion for judgment on the pleadings).

4

(citation omitted); see also *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002), *cert. denied*, 539 U.S. 951 . . . (2003); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999); *United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir. 1996).

*Herring v. Secretary, Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005) (§2254 death penalty case).

The interests of justice are best served by denying the Defendant's motion to dismiss without prejudice, as the Defendant may be afforded the right to raise the defense asserted in the Answer by an appropriate motion in the future. *See Canal*, *supra*.

## CONCLUSION

Accordingly, it is

ORDERED that the Motion to Dismiss (doc. 22) is DENIED.

DONE this 19th day of November, 2019.

                                    /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE