IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES L. BURTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cv-242-RAH |
| | ) | |
| JEFFERSON S. DUNN, | ) | |
| Commissioner, Alabama Department | ) | |
| of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED CONFIDENTIALITY ORDER

The parties to the above-styled action, by and through their respective counsel, have agreed and stipulated to the entry of this Agreed Confidentiality Order, subject to the approval of the Court. The parties and their counsel agree to fully comply with all the terms of this Agreed Confidentiality Order as set forth below.

1. This Agreed Confidentiality Order between the Plaintiff and the Defendant covers the use and disclosure of confidential material ("Confidential Material") of any kind produced in connection with this case by the parties to this litigation (collectively, the "Producing Parties").

2. All material produced in this action and designated as "Confidential Material" by the Producing Party in accordance with the provisions of this Agreed Confidentiality Order is deemed Confidential Material and shall not be disclosed to any persons or entities other than those specified in paragraph 8 of this Order. In addition, the following materials and information, if produced in this action, are and shall be deemed "Confidential Material" whether or not so designated by the Producing Party:

(a) the redacted portions of the written execution protocol adopted by the Alabama Department of Corrections ("ADOC") and any redacted portions of drafts or amendments to the protocol;

(b) information contained within the ADOC's execution protocol to the extent not already made publicly available;

(c) the current or past procedures used by the State to carry out executions by lethal injection, including, but not limited to, the drugs used in such procedures, the manner of administering such drugs, and the identities of persons employed or contracted by the State who monitor or carry out execution procedures;

(d) all testimony, documents, or information related to prior executions of any Alabama death row inmate that is not part of the public record;

(e) all testimony, information, or documents referring to the ADOC's execution procedures with respect to death row inmates to the extent that they identify or discuss security procedures, security personnel, or pre-execution schedules;

(f) any other testimony, information, or documents whose disclosure would present a security risk to the ADOC, current

and past ADOC employees, current and past ADOC contractors, or any other individuals or entities currently or previously involved in the execution of any Alabama death row inmate.

Documents or information that are already in the public domain will not become confidential by virtue of this Order. However, to the extent that only a portion of information in a document was in the public domain, only that portion of information—not the entire document—will be considered non-Confidential.

3. The provisions of this Order extend to all Confidential Material regardless of the manner or form in which it is disclosed or produced, including but not limited to documents, interrogatory responses, responses to requests for admissions, deposition transcripts, deposition exhibits, testimony and any other materials produced by a party in response to or in connection with any discovery conducted in this litigation, and to any copies, notes, abstracts, summaries, analyses, demonstrative exhibits, or other documents that reflect information contained in the foregoing materials.

4. The designation of Confidential Material for the purposes of this Agreed Confidentiality Order shall be made by plainly marking the item, or where that is not possible, by marking a container or tag with the legend "CONFIDENTIAL." In the case of depositions or other pretrial testimony, the parties shall designate the Confidential Material: (i) by a statement on the record by counsel for the Producing Party at the time of such disclosure, or (ii) by written notice, sent by counsel for the

Producing Party to counsel of record for the parties to this Action within five (5) business days after receipt of the transcript of the deposition. All transcripts (including exhibits) shall be considered Confidential Material and shall be subject to this Agreed Confidentiality Order until expiration of such five-day period. The court reporter shall be instructed to mark each designated page as "CONFIDENTIAL" and the cover page of any transcript containing Confidential Material shall indicate that the transcript contains such Confidential Material.

5. Whenever any Confidential Material is to be discussed or disclosed in a deposition, the Producing Party may exclude from the room any person who is not entitled to receive such information.

6. The inadvertent failure to designate specific information or material as Confidential Material shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such information or material.

> 6(a). In the event that information or material, whether in written or oral form, has been provided without any designation of confidentiality, such information may be designated as Confidential Material within five (5) days of the discovery by the Producing Party that such information should have been so designated. Upon receipt of such notice, that information or material shall be treated as Confidential Material by all parties as though such information had been so designated when originally provided.

6(b). If, prior to receiving notice pursuant to paragraph of 6(a), such information or material has already been disclosed to individuals who otherwise would not have been entitled to have access to Confidential Material, the party receiving the Confidential Material (the "Receiving Party") shall notify the Producing Party immediately. In addition, the Receiving Party shall immediately comply with all the procedures applicable to the inadvertent disclosure of Confidential Material, as discussed below in paragraph 9 of this Agreed Confidentiality Order.

6(c). If a Producing Party decides to designate previously-provided information or material Confidential or decides to delete the designation on item previously produced, the Producing Party shall provide the parties substitute copies of such documents bearing the desired designation within five (5) days of redesignation. The parties to whom the substitute copies of such documents are produced shall substitute the later-produced documents for the previously-produced documents and shall destroy or return to the Producing Party the previously-produced documents in their possession and all copies thereof.

7. Confidential Material may be used solely in connection with the instant litigation. The identity, content, and/or any summary of Confidential Material shall be maintained in strict confidence by the Receiving Party. Confidential Material may

not be disclosed to any persons or entities other than those specified in paragraph 8.

    8.  The Receiving Party may show or otherwise divulge Confidential Material **only** to the following persons:

    (a)    counsel of record in this case and other counsel for the parties, provided such counsel is employed by Arnold & Porter Kaye Scholer LLP, the Federal Defenders for the Middle District of Alabama, or the Stanford Law School Religious Liberty Clinic, or is a student of Stanford Law School designated to work on this case under the strict supervision of the Religious Liberty Clinic, in the case of Mr. Burton, or by the Alabama Attorney General's Office, in the case of Defendant, and provided further that the names of other counsel are disclosed by e-mail to opposing counsel prior to the sharing of any Confidential Material;

    (b)    parties' experts and investigators;

    (c)    up to ten (10) staff persons assisting each of the entities designated in paragraph 8(a), including, but not limited to, secretaries, photocopying personnel, and legal assistants, and in the event that more than ten staff persons are needed to assist counsel of record, the names of those additional staff persons shall be disclosed to opposing counsel by e-mail and shall sign the acknowledgement attached as Exhibit A to this Order;

    (d)    the parties' actual or proposed witnesses;

    (e)    the Court and court personnel, including court reporters and others involved in the recording of depositions;

    (f)    any other person who the Producing Party agrees in writing, or who the Court directs, may have access to the Confidential Material.

Each person (with the exception of those specified in (a), (c), and (e) above) who is

permitted to see Confidential Material, or to whom the Confidential Material is otherwise divulged, must certify that he or she agrees to be bound by the provisions of this Agreed Confidentiality Order and must sign a copy of the acknowledgement attached as Exhibit A to this Order. All signed acknowledgements must be maintained in the files of counsel who disclosed the Confidential Material, and counsel must produce copies of these signed acknowledgements to the Court and/or to the other party upon request. The names or personal identifying information of any ADOC employee or other individual who participates in carrying out execution procedures shall not be disclosed to the Plaintiff, Charles L. Burton, Jr. Further, no documents or copies of documents containing Confidential Material shall be provided to the Plaintiff.

9. Should any person inadvertently disclose Confidential Material to any person, entity, or court other than those persons described in paragraph 8, counsel for the party responsible for the inadvertent disclosure shall immediately (1) notify the Producing Party of the disclosure; (2) provide in the notification to the Producing Party the identity and current contact information (including full name, address, telephone number(s) and e-mail address) of all persons or entities who inadvertently received the Confidential Material; (3) advise all persons or entities who inadvertently received the Confidential Material that such information and its use are governed by this Agreed Confidentiality Order; (4) take reasonable steps to ensure the return or permanent destruction of the Confidential Material and all copies thereof; and (5) inform counsel for the Producing Party of the steps that have been taken to insure the return or permanent destruction of the Confidential Material. Nothing in this paragraph shall prohibit the Producing Party from taking any further action it deems necessary to protect the secrecy of the Confidential Material or from seeking redress for the disclosure thereof.

10. If any person receiving Confidential Material covered by this Agreed Confidentiality Order is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Material discussed in this Order, the person receiving the subpoena or document demand shall give prompt written notice to the Producing Party and shall, to the extent permitted by law, withhold production of the subpoenaed Confidential Material.

   10(a). Before a Receiving Party produces or otherwise reveals the identity, content, and/or summary of any Confidential Material pursuant to law or court order, the Receiving Party shall provide the Producing Party with as much notice as possible and at least fifteen (15) business days' notice, unless otherwise impracticable due to deadlines imposed in the subpoena or document demand, so that the Producing Party may seek further protection from, and an opportunity to be heard by, a court. In no event shall the Receiving Party produce, disclose, or otherwise reveal any Confidential Material without making a good-faith attempt to provide notice to the Producing Party. In the event the Producing Party seeks such protection, the Receiving Party shall not disclose, produce, or otherwise reveal the identity, content, and/or summary of any Confidential Material unless and until further ordered by the Court.

9

11. In the event a party wishes to use any Confidential Material, or any papers or other materials containing or making reference to the contents of such Confidential Material, in any pleading or document filed with this Court in this litigation, such pleading or document and Confidential Material shall be filed under seal unless or until such time as the Court orders otherwise or denies permission to file under seal.  Documents, pleadings, or other filings containing or referencing such Confidential Material shall be filed under seal in accordance with this Court's usual procedures for filing redacted documents or documents under seal.  To the extent that a filing contains information that is not Confidential, such filing shall be filed publicly, and the Confidential Material shall be redacted.  These redacted items should plainly state, in bold type, on the first page of any document, **"Public Version; Redacted Copy."**  In addition, such items filed under seal shall plainly state, in bold type, on the first page of any bound or stapled document, **"Confidential—Filed Under Seal,"** and shall be filed only in sealed envelopes on which shall be endorsed the caption of this Action and a statement substantially in the following form:

**CONFIDENTIAL**
This envelope contains documents that are subject to a Confidentiality Agreement by the parties to this Action.  This envelope shall neither be opened nor the contents revealed except by Order of the Court.

The parties shall also follow in an expeditious manner any additional procedures imposed by this Court as a prerequisite to filing any document under seal.

12. To the extent the Court orders, the parties may e-mail sealed documents to the Court for filing if hand delivery cannot be accomplished on the day of filing. The parties shall follow whatever procedures the Court and/or the Clerk's Office set forth for email filing.

13. If any party believes that a document designated or deemed "Confidential Material" does not warrant confidential treatment under the terms of this Agreed Confidentiality Order, the Receiving Party shall raise the matter with the Producing Party. The parties shall engage in a good-faith effort to resolve the dispute. It is the contemplation of this Order that a document will be designated or deemed "Confidential Material" only when legitimately called for and that the parties will employ their utmost efforts to resolve any disputes. Further, if there is any disagreement between the parties concerning the divulging of Confidential Material to the Plaintiff, Charles L. Burton, Jr., under the terms of this Agreement, the parties shall engage in a good-faith effort to resolve the dispute.

14. Nothing in this Order shall prevent the Producing Party from disclosing Confidential Material to any employee or officer of the Producing Party or to any person no longer affiliated with the Producing Party who either authored, in whole or in part, or received the Confidential Material prior to the initiation of this Action.

15. Within sixty (60) days of the termination of this Action and all appeals of this Action, any Confidential Material provided by any Producing Party, as well as all copies, extracts and summaries thereof, shall be either: (1) returned to the Producing Party or (2) permanently destroyed, in which case the Receiving Party must provide to the Producing Party certification of this permanent destruction. Notwithstanding the foregoing, counsel may retain an archival copy of any pleading and/or attorney work product that references Confidential Material. Such archival documents shall be retained and treated in accordance with the terms of this Order.

16. A party's compliance with the terms of this Agreed Confidentiality Order shall not operate as an admission that any particular document or information is or is not: (a) confidential; (b) privileged; (c) relevant; (d) material to any matter at issue; (e) authentic; or (f) admissible in evidence at trial or any hearing.

17. The terms of this Agreed Confidentiality Order shall survive and remain in full force and effect through the course of, and after the final termination of, this Action. This Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of Confidential Material that is disclosed hereunder.

DONE this 23rd day of January, 2020.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.,
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES L. BURTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cv-242-RAH |
| | ) | |
| JEFFERSON S. DUNN, | ) | |
| Commissioner, Alabama Department | ) | |
| of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

# EXHIBIT A

I, _____, hereby certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the "Agreed Confidentiality Order" entered in the above-styled action. I have read and understand the Order, and I agree to be bound by the terms of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
               (date)

                                        _____
                                        (signature)

                                        _____
                                        (print full name)